FRUGÉ, Judge.
Plaintiff, Barney Rush, instituted this action against State Farm Mutual Automobile Insurance Company, as automobile liability insurer of L. A. Stuckey, alleging that Stuckey, through the negligent operation of his automobile had struck and killed plaintiff’s cow. Plaintiff seeks recovery for the loss of the cow and the possible loss of a calf. Defendant denies any *462 negligence on the part of its insured, Stuckey.
The lower court entered judgment dismissing the suit, and Mr. Rush appealed. We affirm.
The ostensible facts of this case follow: At the trial, the parties stipulated that the accident complained of occurred in an open range area; that the cow involved belonged to the plaintiff; and that at the time of its death, the cow had a value of $200.
The accident complained of occurred on September 28, 1971, on a parish road known as the Barron Chapel Road. Mr. Stuckey was on his way to visit his son, who resided three miles down the road from his own house. He testified that immediately prior to the accident, he was driving at 40 miles per hour with his headlights on bright.
There were no other witnesses to this accident, therefore, the only testification bearing on the issue of negligence was that of Mr. Stuckey. A pertinent excerpt from his testimony begins at Tr. 30 :
“A. She was crossing the ditch on to the shoulder of the road.
Q. And what was she doing ?
A. She was running.
Q. In what direction?
A. From my right.
Q. Across the road in front of you’
A. Yes, sir.
Q. What was the color of the cow?
A. She was black with a white face.
Q. And the accident you said occurred about 8:15 at night ?
A. Yes, sir.
Q. And was it good and dark at that time?
A. Yes, sir, it was dark.
Q. Did you have the lights on on your car?
A. Yes, I did.
Q. Do you recall whether you had bright or dim ?
A. I had them on bright.
Q. Now when you saw the cow running on to the road, what action did you take ?
A. I jammed on the brakes and cut to the left away from her and she turned and tried to go to the direction of the car and evidently she fell into the back of the car.
Q. What part of your car was struck ?
A. Rear door, just below the door handle.
Q. On which side, Mr. Stuckey ?
A. On the right side.
* * * a
The road at the point where the mishap occurred is not one on which stock are prohibited by law from roaming at large. Mr. Stuckey was familiar with this area and with the fact that cattle were frequently on the highway.
The intelligible record makes clear that at the location of the accident, the road was (1) fairly straight, (2) situated in a rural area, (3) had narrow shoulders, (4) was bordered by a wooded area, and (5) did not have a posted speed limit.
Four photographs were submitted into evidence. These exhibits show that the only damage to Mr. Stuckey’s vehicle was on the rear door.
The trial judge concluded that plaintiff had utterly failed to carry the burden of proof establishing any negligence on the part of Stuckey:
“The law is quite clear that even in open range areas there must be negli *463 gence on behalf of the defendant. In this particular case, there hasn’t been any attempt made to prove any negligence committed by this defendant . . . it is just an absolute failure of any negligence by this defendant, the defendant driver Mr. Stuckey. He was driving down the road at 40 miles an hour, there was a 60 mile an hour speed limit. As soon as he saw the cow he applied his brakes, pulled to the left and then the impact between the cow and the car was to the rear of the right rear door of the automobile, well beyond one-half of the automobile. I don’t know of anything else that this defendant could have done to avoid the accident. There has been no proof that he could have done anything. There has been no argument that he could have done anything. The argument is that the car killed the cow but that isn’t the law, there must be some negligence.” (Tr. 38).
It is well settled that when an animal suddenly darts in the path of an automobile traveling at a reasonable rate of speed and the accident occurs before the driver can stop or so maneuver his vehicle so as to avoid the collision, the accident is unavoidable, and there is no liability on the part of the driver. Fontenot v. Hartford Accident and Indemnity Company, 173 So. 2d 275 (La.App. 3rd Cir., 1965); Pickett v. Travelers Insurance Company, 127 So.2d 547 (La.App. 3rd Cir., 1961); and Campbell v. F. Hollier & Sons, 4 So.2d 576 (La.App. 1st Cir., 1941).
From a careful consideration of the testimony in the case relating to the actual occurrence of the accident, we are led to the conclusion that the plaintiff has not sustained the burden of proving the negligence charged by him to the driver of the automobile upon which he seeks to recover damages from the defendants. We are of the opinion rather that the preponderance of the evidence tends to show that the accident was an unavoidable one caused by the sudden darting of the cow into the road in the path of the approaching automobile before the driver could take steps to avoid striking it.
We are careful to keep in mind at all times the great weight which attaches to the finding of fact by the trial judge.
For the reasons set forth in this opinion, the judgment of the District Court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.