COLE, Judge.
These are consolidated personal injury suits involving an intersectional truck collision.
The unusual facts surrounding this incident are not in dispute. On the morning of April 24, 1976, the defendant, Eugene Morris, had been fishing. At approximately 7:00 A.M. he began traveling home on a dirt road within Washington Parish, Louisiana. As he approached the intersection of that road with Louisiana Highway 1071, he observed a green snake crawling on his shoulder. He panicked, lost control of his truck and entered into the intersection without stopping at the stop sign which faced him. Upon doing so, he collided with another truck operated by Shellie J. Seals. Sylvester L. Harry was a passenger in the Seals’ vehicle.
These suits were brought by Seals and Harry against Morris and his insurers for *1222 the damages sustained by them. Harry joined his host driver, Seals, as an additional party defendant. After trial on the merits, the district court found the accident was caused solely by the negligence of Morris and judgment was rendered in favor of both plaintiffs. We reverse.
The defendants contend Morris’ collision with the Seals’ truck was an “unavoidable or inevitable accident.” The defendants argue, and the record supports their position, that while returning from the fishing trip, Morris suddenly and quite unexpectedly observed the green snake crawling upon him. He first became aware of the reptile on his shoulder as he drew near the intersection of the dirt road with Louisiana Highway 1071. The evidence establishes he was proceeding in his truck at a slow rate of speed and was approaching the intersection with his vehicle under control when the snake, in his own words, “frightened” and “scared” him to such an extent he lost control of his vehicle. Unfortunately, the incident occurred too close to the intersection for him to regain his composure or control of his truck before he had run the stop sign and collided with the Seals’ truck, causing the damages complained of.
Generally, the doctrine of “unavoidable or inevitable accident” relieves a person of liability.
This doctrine is stated in the following language in 7 Am.Jur.2d § 350, p. 896:
“The operator of a motor vehicle is not liable as an insurer, or for unavoidable or inevitable accidents, and the mere fact that an accident occurs which results in personal injury, death, or property damages does not warrant a recovery against the owner or operator of the vehicle unless it can be shown that the injury or damage was caused by the negligence of the operator. An unavoidable or inevitable accident is such an occurrence or happening as, under all attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned. In other words, where there is no evidence that the operator of the motor vehicle was negligent in any way, or that he could have anticipated the resulting accident, the accident is deemed to have been an unavoidable or inevitable one for which no recovery may be had.
The doctrine of “unavoidable or inevitable accident” is also stated in 60A C.J.S. § 256, p. 64:
“Generally, unavoidable accident exonerates defendant motorist from liability on the ground of negligence.
!jC S»S S(S * * *
“With respect to automobile accidents, an unavoidable accident is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise, that is, an accident in which there is no negligence by either party; and the term ‘unavoidable accident’ is synonymous with ‘mere accident’ or ‘pure accident’ which imply that the accident was caused by some unforeseen and unavoidable event over which neither party had control, including an accident caused by a ‘vis major’ which is a greater or superior force, or an irresista-ble force. . . . ”
It is recognized in this State that a person involved in an “unavoidable or inevitable accident” is not liable to the injured person for damages resulting from such an accident. Sharp v. Kahn, 143 So. 514 (La.App. 1st Cir. 1932). However, the person who seeks protection of the doctrine must show he was not at fault in causing the accident. Sharp v. Kahn, supra.
In Sharp v. Kahn, the plaintiff was injured by being thrown from the horse he was riding when the minor daughter of the defendant ran her automobile into the horse. The evidence showed the plaintiff was in no way at fault, and was in his proper lane of the roadway near the edge of the pavement. The driver of the automobile was traveling 35-40 m. p. h. on a straight road with a clear view of the plaintiff’s horse, yet she failed to see it until she *1223 was within 20 feet. The driver claimed to have been stung by a bee which caused her to lose control of her automobile. The Court considered the driver was at fault in not maintaining a proper lookout, so the protection of the doctrine of “unavoidable or inevitable accident” was not available to her under the circumstances. The Court concluded it was not the bee that caused the accident, but the driver’s inattentiveness to the road situation. Hence, the particular incident could not be classified as an inevitable accident.
In reaching this conclusion, the Court said:
“Under the facts and circumstances presented in this case, therefore, Miss Kahn cannot be said to have been without fault, and her defense that she was stung by a bee and lost control of her car, even though full effect be given to her account thereof, has to be considered in connection with her negligence.
“The rule of law which relieves a person of liability for the result of an inevitable accident is well recognized, but there is a qualification to that rule, equally well recognized, which requires the one seeking to avail himself of its protection to show that he himself was in no way to blame for the happening. From Blash-field, vol. 5, page 260, we quote the following: ‘An accident is inevitable if the person through whom it occurs neither has nor is legally bound to have sufficient power to avoid it or prevent its injuring another. But in order to prove that an accident was inevitable it is not always enough to show that, under the circumstances existing at the time, it could not have been then avoided. It must also be the fact that the defendant was not guilty of any negligence which brought about any of those circumstances.’
“In Ruling Case Law, vol. 20, page 17, in a paragraph dealing with the subject here under consideration, we read: ‘It has long been recognized that no action will lie for injuries attributable to what is termed inevitable or unavoidable accident. In other words, if no fault or negligence is chargeable to either of the parties to the occurrence upon which the action is founded the loss and injury will be allowed to remain where it has fallen. * * * But it is insisted that a person is in no degree absolved from liability by reason of the fact that the injury was produced by accident in combination with his own negligence. * * * ’
“With this positive statement of the modification of the rule before us, and having found that Miss Kahn was negligent in the operation of the automobile she was driving, we are bound to hold that her mother cannot evade liability by invoking the doctrine of ‘inevitable accident.’ ”
In Lussan v. Grain Dealers Mutual Insurance Company, 280 F.2d 491 (5th Cir. 1960), the Court permitted the protection of the doctrine when a wasp distracted the driver and caused the accident. The Court observed:
“In this simple case in the search for the negative limits of the inferences open to the so-called reasonable man, we deal with a situation known and experienced by all-the involuntary reflex responses by which nature protects life from harm or apprehended harm. In a philosophical way it may be that nature has here elevated the instinct of self -preservation to a plane above the duty to refrain from harming others. It is here where man through law and ordered society steps in. But in stepping in, man, through law, has erected as the standard of performance, not what had to be done to avoid damage, but that which prudent human beings would have done or not done.
“At times the judgment of the common man-voiced through the jury or other trier of fact-on what the prudent man should have done will be to deny to the individual concerned a legal justification for his perfectly human instinctive response. At other times what is actually usual may be equated with that which is legally prudent.
“That is what occurred here.. A wasp became the object of apprehended harm. *1224 Protective responses were instinctive and natural and swift. True, this diverted driver and his attention from other harm and other duties. But the jury in these circumstances under unchallenged instruction on legal standards concluded that this was normal and prudent human conduct. What better way is there to judge of this?”
This case clearly presents circumstances which require the application of the “unavoidable or inevitable accident” doctrine. Here, Morris had been fishing in a wooded area and a snake entered his vehicle through an open window. Prior to the accident, it appears he was driving at a very slow rate of speed and was preparing to stop at the intersection in obedience to the stop sign. As he did so, he was suddenly confronted with a situation which would cause any reasonable person to be, at least momentarily, terrified. Unlike the facts present in Sharp, supra, there is no evidence of any negligent conduct on the part of Morris. It can not be said Morris owed a legal duty to keep his truck windows closed, imposed to protect against the harm a snake might create by crawling into the vehicle. A snake crawling from its natural environment into the truck was an unforeseeable occurrence not within the contemplation of a reasonable person. See Riche v. Thompson, 6 So.2d 566 (La.App. 2d Cir. 1941).
The principles of law stated above are closely related to those applied where a sudden emergency exists. See Vaughn v. Hebert, 333 So.2d 304 (La.App. 1st Cir. 1976).
In Vaughn, supra, we said:
“We conclude that Randy Hebert was faced with a sudden emergency created entirely by the gross negligence of the approaching motorist. Under these circumstances, it is the settled jurisprudence of this state that a person is not obligated to exercise the same degree of care or judgment as is required under ordinary circumstances. In the emergency thus faced by Hebert his actions were reasonable and justified. A mistake of judgment or failure to adopt the best or wisest course for avoiding injury does not necessarily result in a finding of negligence. To contend otherwise is to attempt to exact hindsight instead of foresight from a motorist faced with a sudden emergency; Fouche v. St. Paul Fire & Marine Insurance Co., 153 So.2d 180 (La.App. 2d Cir. 1963).”
The doctrine of “unavoidable or inevitable accident” is also closely related to the cases involving animals suddenly darting into the path of a motorist and causing an accident. Such accidents are generally considered unavoidable. See Rush v. State Farm Mutual Automobile Insurance Co., 274 So.2d 461 (La.App. 3d Cir. 1973). That case held the preponderance of the evidence tended to show the accident was an unavoidable one caused by the sudden darting of a cow into the road in the path of the approaching automobile before the driver could take steps to avoid striking it.
The Court said:
“It is well settled that when an animal suddenly darts in the path of an automobile traveling at a reasonable rate of speed and the accident occurs before the driver can stop or so maneuver his vehicle so as to avoid the collision, the accident is unavoidable, and there is no liability on the part of the driver.”
See also Holmes v. Lindsey, 15 So.2d 89 (La.App. 1st Cir. 1943).
Finding no actionable negligence on the part of Morris, it is unnecessary to consider the insurance coverage question posed by defendant, Fidelity and Guaranty Underwriters, Incorporated.
We find the trial court erred in not applying the doctrine of “unavoidable or inevitable accident” in the instant cases. The judgments of the district court are reversed and these consolidated suits are dismissed. All costs of court are to be paid by plaintiffs-appellees.
REVERSED AND RENDERED.