410 So.2d 715 (1981)
Shellie J. SEALS
v.
Eugene MORRIS, et al.
Sylvester L. HARRY
v.
Eugene MORRIS, et al.
No. 80-C-2291.
Supreme Court of Louisiana.
September 28, 1981.
On Rehearing March 1, 1982.
*716 Herbert R. Alexander, Jim W. Richardson, Jr., Bogalusa, for plaintiff-applicant.
John J. Hainkel, Jr., of Porteous, Toledano, Hainkel & Johnson, New Orleans, Edward A. Griffis, of Talley, Anthony, Huges & Knight, Bogalusa, for defendants-respondents.
LEMMON, Justice.
This is a tort suit in which plaintiff seeks to recover the damages he sustained in an intersectional collision.[1] The trial court held defendant liable for entering the intersection without stopping for the stop sign facing him. The court of appeal reversed, concluding the accident was inevitable, in that defendant lost control of his truck when he was frightened by the discovery of a snake crawling on his shoulder. 387 So.2d 1220. We granted certiorari to review that judgment. 393 So.2d 745.
After fishing in a wooded area, defendant was driving on a dirt road at a reasonable speed and was approaching the intersection with a favored roadway, when he noticed a green snake on his shoulder. In the panic following this sudden and unexpected occurrence he lost control of his truck and proceeded past a stop sign into the intersection, where he collided with plaintiff's car.
The principal defense at trial and on appeal was that the accident was unavoidable, in that it was not caused by any negligence or unreasonable conduct on defendant's part.
Delictual responsibility in Louisiana is based on fault. C.C. Art. 2315. Fault is a more comprehensive term than negligence, and fault encompasses many acts which are not morally wrong, but are merely violative of laws or of legal duties. Langlois v. Allied Chemicals, 258 La. 1067, 249 So.2d 133 (1971).
Defendant had a duty to keep his vehicle under proper control and to refrain from entering the intersection until it was safe to do so. Plaintiff proved that his damages were caused solely because defendant did not maintain proper control and did not yield the right-of-way. Plaintiff thus established his own freedom from fault and a prima facie case of fault on defendant's part.
Faced with this proof that he breached his duty involving the right-of-way and injured a blameless approaching motorist, defendant can only escape responsibility by exculpating himself from any fault whatsoever. Simon v. Ford Motor Co., 282 So.2d 126 (La.1973). To do so plaintiff must prove that the damages to the fault-free motorist were caused by the fault of a third person or by some external circumstance sufficient to discharge him from responsibility.[2] Since there is no contention of fault *717 chargeable to a third person, the critical issue is whether the external circumstance urged by defendant was sufficient to discharge him from responsibility to the innocent tort victim who was injured when defendant breached his duty.
Breaches of delictual or contractual duties may be excused when the breaches are caused by an irresistible force or a fortuitous event, each of which is defined in the Civil Code.[3] There is no codal authority for excusing a breach of duty for a lesser external circumstance.
Defendant argues, however, that his breach of duty should be excused because he acted reasonably. While this is the standard for judging negligence, the damages in this case resulted from defendant's non-negligent fault. To excuse himself from responsibility for this fault defendant must show something more than that he acted reasonably. He must show that the damages resulted from some external circumstance sufficient to discharge him from responsibility for his fault.
The presence of the snake was perhaps momentarily frightening and unforeseen, but is not such an external circumstance that defendant should be discharged from responsibility to an innocent tort victim for damages caused by his fault.[4]
The trial court correctly rendered judgment against defendant Eugene Morris and his insurer, Southeastern Fidelity Insurance Company. By reversing that judgment, the court of appeal did not reach the insurance coverage issue urged by defendant Fidelity and Guaranty Underwriters or the quantum issue raised by plaintiff. The case must be remanded for adjudication of those issues.
Accordingly, the judgment of the court of appeal is reversed, and the judgment of the district court is reinstated. The matter is remanded to the court of appeal to adjudicate the remaining issues not reached in the original decision on appeal. Costs are assessed to Morris and to any other parties ultimately cast in judgment.
DENNIS, J., concurs with reasons.
WATSON, J., concurs in the result.
CALOGERO, J., dissents.
DENNIS, Justice, concurring.
I respectfully concur.
The trial judge found that the defendant negligently caused the accident and was legally responsible for the plaintiffs' injuries. In my opinion the trial judge's findings of fact were not clearly wrong or manifestly erroneous.

ON REHEARING
MARCUS, Justice.
We granted a rehearing to reconsider the basis on which recovery, if any, should be permitted. A review of the facts is necessary to make this determination.
*718 On the morning of April 24, 1976, Shellie Seals was operating his 1972 Ford pickup truck in a northerly direction on Old River Road about a mile and a half north of Jones Creek. Sylvester Harry was a passenger in the vehicle. Old River Road is a blacktop, two-lane road with two-way traffic. It was light and clear at the time. Seals was driving at about 40 miles per hour when a 1970 Chevrolet pulpwood truck driven by Eugene Morris entered the roadway from "a little old wooded trail like a pulpwood road" and hit into the side of his vehicle. Morris had been fishing in the river at a place called Beaver Dam prior to the accident. He described the road on which he was traveling as "a little old dirt road" and stated that he was driving at about 8 or 10 miles per hour. He further testified that he had planned to stop at the blacktop road but about 8 or 10 feet before he reached the intersection "a little green snake" crawled across his shoulder and caused him to lose control of his truck which "just went on out in the road" and collided with the Seals vehicle. Morris was on his way home at the time of the accident. While fishing, he had parked his truck under some bushes and trees with the windows open. He stated that he was a "pulpwooder" most of his life and was familiar with green snakes. The "green snake" in question was never recovered or observed by anyone other than Morris.
Seals and Harry instituted separate actions against Morris and his insurers for personal injuries sustained by them as a result of the accident. The suits were consolidated for trial. The principal defense at trial was that the accident was unavoidable in that it was not caused by any negligence or unreasonable conduct on the part of Morris. The trial judge, finding negligence on the part of Morris, rejected the defense of "inevitable accident" and rendered judgment in favor of plaintiffs. The court of appeal, finding "no actionable negligence" on the part of Morris and applying the doctrine of "unavoidable or inevitable accident" reversed the judgment of the district court and dismissed the consolidated suits at plaintiffs' cost.[1] We granted certiorari to review the correctness of that judgment.[2] On original hearing, finding that the damages resulted from Morris' "non-negligent fault" and that there were no external circumstances sufficient to discharge him from responsibility for his fault, we reversed the judgment of the court of appeal, reinstated the judgment of the district court, and remanded the case to the court of appeal to consider the issues of amount of damages and coverage not reached in its original decision. We granted a rehearing to reconsider the issue of liability.
La.Civ.Code art. 2315 provides in pertinent part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
La.Civ.Code art. 2316 further directs:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
Under these articles, the elements of a cause of action are fault, causation and damage. The existence of a legal duty coupled with a breach of that duty are prerequisites to any determination of fault. Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties. In all cases, duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under like circumstances. Roberts v. State, Through Louisiana Health and Human Resources Administration, 404 So.2d 1221 (La.1981); Straley v. Calongne Drayage & Storage, Inc., 346 So.2d 171 (La.1977). A breach of a legal duty that causes damage to another makes the offender liable under the above articles.
As a general rule, the doctrine of "unavoidable or inevitable accident" relieves a person of liability. The person *719 invoking the protection of the doctrine, however, must also show that he himself was in no way to blame for the happening. Sharp v. Kahn, 143 So. 514 (La.App. 1st Cir. 1932).[3] The doctrine of unavoidable or inevitable accident can be stated as follows:
As a corollary of the rule for determining legal responsibility for negligence, if a motorist or other traveler has exercised ordinary care as required by the common law (or the highest degree of care as may be required), and has nevertheless been the occasion of inflicting injury on another, the accident is said to be inevitable, for which no liability attaches. Unavoidable accident is not an affirmative defense but merely negatives negligence.
. . . .
The mere fact that as to a motorist a collision might have been inevitable or unavoidable at the time of its occurrence will not entitle that motorist to the protection of the doctrine of unavoidable accident if the situation thus brought about was the result of the motorist's own negligence.
2 Blashfield, Automobile Law and Practice § 101.13 (rev. 3d ed. 1979). See also 7A Am.Jur.2d, Automobiles and Highway Traffic § 397; 60A C.J.S. Motor Vehicles § 256.
In the instant case, we do not consider that Morris' collision with the Seals truck was an unavoidable or inevitable accident. Morris had worked in the woods most of his life and was familiar with green snakes. Moreover, he knew that snakes were found in bushes and trees and that they were relatively harmless. On the morning of the accident, he had parked his truck under bushes and trees with the windows open while he was fishing. In our view, Morris was negligent in creating the risk of the snake being in the truck. In addition, we do not consider that Morris reacted as a reasonable man under like circumstances. When he first observed the green snake on his shoulder, he was traveling at about 8 to 10 miles per hour on a "little dirt road" and was approaching a favored blacktop road. He was planning to stop at the intersection. Given his knowledge of the harmless nature of green snakes and his slow rate of speed, we consider that Morris was negligent in failing to maintain proper control of his vehicle at least to the extent of not entering a roadway on which the vehicles had a right of way. Hence, we consider that, under the facts of this case, Morris breached his legal duty of reasonable care and was negligent and at fault within the meaning of La.Civ.Code arts. 2315 and 2316. Inasmuch as the negligence of Morris contributed to the accident and resulting damages, he cannot be relieved of liability by invoking the doctrine of unavoidable or inevitable accident. The trial judge found the negligence of Morris to be the cause of the accident and held him liable for damages. Under the circumstances, we cannot say the trial judge was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Our finding of negligence and liability under La.Civ.Code arts. 2315 and 2316 makes it unnecessary for us to consider the applicability of La.Civ.Code art. 2317. Since the court of appeal found no liability, it did not reach the issues of amount of damages and coverage. We consider it more appropriate to remand the case to that court for its review of those issues.

DECREE
For the reasons assigned, our original decree reversing the judgment of the court of appeal and reinstating the judgment of the district court and remanding the case to the court of appeal to consider the issues of amount of damages and coverage not reached in its original opinion is reinstated.
LEMMON, J., concurs.
DIXON, C. J., concurs with reasons.
*720 DIXON, Chief Justice (concurring).
I respectfully concur, not agreeing with the discussion of "unavoidable or inevitable accident" and the reliance on Blashfield, Am.Jur. and C.J.S.non-authoritative secondary sources. Except for an unfortunate clause ("the damages in this case resulted from defendant's non-negligent fault") the analysis in the original opinion of this court (in my view) was correct. Defendant negligently pulled out of the woods into the opposing traffic, and his negligence was not excused by the presence of a harmless snake.
NOTES
[1] Consolidated under the same docket number in this court is a suit by Sylvester Harry, plaintiff's guest passenger. For the purpose of this opinion "plaintiff" refers to Shellie Seals and "defendant" refers to Eugene Morris and/or his insurers.
[2] We do not decide the case on a strict liability basis, as we did in Loescher v. Parr, 324 So.2d 441 (La.1975), in which liability was imposed under C.C. Art. 2317 on the custodian of a defective thing, without proof of the custodian's knowledge of the defect or of his failure to properly maintain the thing. In the case of Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978), liability without fault was imposed under C.C. Art. 2317 on the owner of an automobile when the accident was caused by the car's defective brakes. In both cases, once the plaintiff proved a defect in the thing under the owner's custody and damages resulting because of the defect in the thing, proof of knowledge of the defective condition of the thing in custody was not required.

In the present case there was no proof that damages were caused by a defect in the thing in defendant's custody (unless a truck with a snake in the cab can be viewed as defective). Nevertheless, even without reliance on strict liability theories, plaintiff's proof in this case shifted to defendant the burden of proceeding with evidence to exculpate himself from responsibility.
[3] An irresistible force results from a power which cannot be resisted. C.C. Art. 3556(14). The entry and presence of the snake in defendant's truck can hardly be classified as the result of irresistible power.
[4] Defendant's parking with open windows near bushes and under trees in a wooded area more probably than not permitted the snake to enter the cab. While this parking was not unreasonable, the entry of the snake did not result from an irresistible force.
[1] 387 So.2d 1220 (La.App. 1st Cir. 1980).
[2] 393 So.2d 745 (La.1980).
[3] In Sharp, plaintiff was injured when an automobile driven by defendant ran into the horse plaintiff was riding. Defendant raised the defense of inevitable accident alleging that she had been stung by a bee causing her to lose control of the car. The court held that defendant was negligent in failing to maintain a proper lookout and, therefore, could not evade liability by invoking the doctrine of inevitable accident.