BOWES, Judge.
Plaintiff appeals a judgment of the trial court dismissing at his costs his suit for personal injury damages against defendant, J.A. Jones Construction Company. We affirm the judgment of the district court.
This litigation arises out of an accident which allegedly occurred on April 25, 1980. At that time, Richard C. Braun was employed as a security guard by Vinson Guard Service (hereinafter Vinson) and was stationed at West Jefferson General Hospital. Plaintiff’s duties as a security guard required him to patrol throughout the hospital and its outlying buildings. At approximately 9:30 p.m. on the evening of April 25th, Braun exited a single door on the northern side of the hospital’s old boiler room building and proceeded toward the nursery building, located about 125 feet to the north. Braun claims that he had only gone five to ten feet when he tripped over what he described as a ¼ to ½ inch in diameter steel cable, stumbled forward a few feet and then flipped over a four to six-foot high guard rail. Plaintiff claims that, as a result of the alleged accident, he sustained a back injury requiring surgical intervention.
At the time of plaintiff-appellant’s alleged fall, defendant-appellee, J.A. Jones Construction Company (hereinafter referred to simply as Jones), was engaged in the construction of an addition to the boiler room on its eastern side and an addition to the existing hospital. The new addition to the hospital was located at the western side of the boiler room building. Also at that time, Bartley, Inc. was constructing a parking garage for the hospital. This garage construction was located immediately north of Jones’ hospital addition site.
As a result of Braun’s alleged fall and injury, he filed suit against West Jefferson General Hospital (hereinafter West Jefferson) and Jones and later supplemented his petition to add Bartley, Inc.
Braun received compensation benefits from Vinson, who intervened in the suit for the compensation benefits paid. Because of the payment of compensation benefits, West Jefferson filed for Summary Judgment, alleging it was the statutory employer of Braun. The trial judge properly dismissed West Jefferson as a party defendant and plaintiff chose not to appeal that judgment.
At the trial on the merits, after presentation of the plaintiff’s case, defendant, Bart-ley, Inc., moved for a directed verdict on the basis that it could not be responsible for the area where the accident occurred. That motion was granted, dismissing Bartley, *1233 Inc. from plaintiffs lawsuit, and plaintiff has chosen not to appeal that judgment.
According to the plaintiff: “The sole issue presented to this Honorable Court on appeal is whether or not the plaintiff carried his burden of proof in an action pursuant to the provisions of LSA Civil Code Articles 2315[1] and 2316[2] as established by the jurisprudence of this State.”
The Supreme Court of our state, in interpreting these articles, made the following statements:
Under these articles, the elements of a cause of action are fault, causation and damage. The existence of a legal duty coupled with a breach of that duty are prerequisites to any determination of fault. Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties. In all cases, duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under like circumstances. Roberts v. State, Through Louisiana Health and Human Resources Administration, 404 So.2d 1221 (La.1981); Straley v. Calongne Drayage & Storage, Inc., 346 So.2d 171 (La.1977). A breach of a legal duty that causes damage to another makes the offender liable under the above articles.
Seals v. Morris, 410 So.2d 715 (La.1982)
In his well-written reasons for judgment, the learned trial judge found that plaintiff did not bear his burden of proving by a preponderance of the evidence the necessary elements of his alleged cause of action against Jones and that he had serious questions concerning plaintiffs credibility. From the record before us, we cannot say that the trial judge was in error in these findings.
Mr. Braun testified that he tripped over a cable. However, Jule O’Neil, who was under his supervision at the time, testified that, on the same night plaintiff claims he was injured, after he had left, she followed the route that the plaintiff took on the night of the alleged accident and that she saw no cable in the route from the boiler room to the nursery. Ms. O’Neil further testified that, even though she had not seen the alleged accident, plaintiff, on two separate occasions, asked her to be a witness to his “accident.”
Additionally, Bryan Armstrong,’ who was the project manager for Jones at the time in question, testified that neither Jones nor any of its sub-contractors used any steel cable at the West Jefferson construction site. He further testified that the distance to the nearest “guard rail” from the north door of the boiler room was approximately thirty to thirty-five, feet (in contrast to plaintiff’s testimony that the fence or rail was only about 15 feet away).
Testimony at trial established that the area where the alleged accident occurred was not under the control of Jones, but rather the area in question was accessible to all companies working at West Jefferson, to the hospital itself, and even to the general public. Robert H. Bartley, who was employed by Bartley, Inc. at the time of the incident, testified that, in construction of the parking garage, his employer used a construction process involving post-tension steel cable in the place of the usual reinforcing rigid steel bars. Thus the testimony concerning the use of steel cable and control of the area of the accident not only fails to support plaintiff’s allegations, but appears to exonerate J.A. Jones Construction Company.
Appellate review is limited to a re-examination of the facts introduced in the trial court and a review of the law applied by the trial judge. In the absence of manifest error committed by the trial court in its evaluations and conclusions, *1234 that court’s findings should not be disturbed. Canter v. Koehring Co., 283 So.2d 716 (La.1973). We find no manifest error in the case before us and, accordingly:
The judgment of the trial court is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.

. LSA Civil Code Article 2315 reads in pertinent part:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it...”

. LSA Civil Code Article 2316 reads:
“Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.”