GUIDRY, Judge.
This suit arises out of the rupture of a natural gas line on property belonging to the plaintiff, Mae Hardee. Mrs. Hardee filed suit against Tate & Sons, Inc. (hereafter Tate) seeking damages sustained allegedly as the result of defendant’s negligence and fault. Plaintiff also prayed for attorney’s fees. After trial on the merits, the trial judge rendered judgment in favor of plaintiff and against defendant in the principal amount of $1,639.89 but denied any award of attorney’s fees. After granting defendant’s motion for a new trial for reargument only, the trial judge rendered judgment in favor of plaintiff and against defendant in the principal amount of $1,598.41. Defendant has perfected a sus-pensive appeal. Plaintiff neither appeals nor answers the appeal.
The sole issue presented on appeal is whether the trial court erred in concluding that the plaintiff proved the fault or negligence of the defendant.
The plaintiff’s home is located off of a small rural road in Natchitoches Parish. In order to get natural gas to her home, plaintiff had a gas line laid under adjoining property owned by her daughter, Peggy Wood, connecting the Hardee home with a pipeline owned by Trans Louisiana Gas Company (hereafter the Gas Company).
Subsequently, in the latter part of 1981, Peggy Wood contracted with the defend *1391 ant, Tate, to clear her property with a bulldozer. At the time of contract negotiations, Ms. Wood pointed out to Tate the exact location of the gas line. For the four months prior to the defendant’s clearing operations, plaintiff’s monthly gas bills ranged from $7.50 to $35.58. Her monthly bill for January, 1982, after the completion of defendant’s operations, was $1,489.89. The Gas Company, suspecting a leak, disconnected plaintiff’s services and plaintiff engaged Allen Wood who discovered a rupture in her gas line. Mr. Wood testified that the rupture consisted of a long split and that, at one point, the line was almost cut in half.
On appeal, the defendant concedes that the evidence offered at trial was sufficient for the court -to find that there was no other reasonable explanation for the break in plaintiff’s line other than that it was caused by defendant’s clearing operations. However, the defendant contends that the trial court erred in concluding that the plaintiff proved negligence (fault) of the defendant by a preponderance of the evidence.
Defendant properly cites the case of Seals v. Morris, 410 So.2d 715 (La.1981) for the proposition that in order to prove a cause of action under LSA-C.C. Arts. 2315 and 2316, the plaintiff must prove fault, causation and damages. The trial judge’s written reasons for judgment fail to articulate the basis for his finding of negligence on the part of the defendant.
The thrust of defendant’s argument is that the evidence was insufficient to prove it breached its duty to conform to the standard of a reasonable man under the circumstances. Defendant urges that the record indicates that the line at the point of the rupture was imprudently laid, being only six inches below the surface of the ground; that no subsurface clearing had been done at the point of rupture; and, that the bulldozer crossed the line at the point of rupture only horizontally. On the basis of these circumstances, the defendant argues that it exercised the required reasonable care and that the accident was unavoidable.
The aforementioned facts asserted by defendant are in fact disputed. A representative of Trans Louisiana Gas testified that the company standards require that such lines be laid 12 to 18 inches underground. Allen Wood, who repaired the line at the request of plaintiff, testified that he checked the depth of the entire line and, except in the area where clearing operations were conducted, the line was buried to a depth of 24 inches. Although Allen Wood did testify that he found the line at the point of rupture to be only six inches below the surface of the ground, his testimony indicates that the proximity of the line to the surface at this point was the result of defendant’s clearing operations. In this latter regard, Mr. Wood testified that trees and debris had been dragged across the line and that the soil had been pushed away from the surface of the ground at the point of rupture.
We conclude that such circumstances, if accepted by the trial judge, are sufficient to prove that defendant breached its duty of reasonable care. We, therefore, find no manifest error in the trial judge’s finding of negligence. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, writ granted 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir.1979); Bertrand v. Aetna Casualty and Surety Company, 306 So.2d 343 (La.App. 3rd Cir.1975), writ denied, 310 So.2d 641 (La.1975).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant, Tate and Sons, Inc.
AFFIRMED.