LOBRANO, Judge.
On November 24, 1984, an intersectional collision occurred between automobiles driven by Irma Paynes (Paynes), and Ken-ney Guidry, Jr. (Guidry). Deloris Givens (Givens) was a passenger in Paynes’ vehicle. The accident occurred at the intersection of N. Rocheblave and Piety Streets in New Orleans. Givens and Paynes filed suit on August 20, 1984, alleging personal injuries resulting from the accident. Named as defendants were Guidry; Allstate Insurance Company (Allstate) as Paynes’ uninsured motorist carrier; the City of New Orleans, Department of Streets (City); and ABC Insurance Company as Guidry’s automobile liability carrier.[1] Allstate answered plaintiffs’ petition and filed cross-claims against Guidry and the City, including subrogation claims for property damage and medical payments made to Paynes and Givens. The City answered and filed a Third Party Demand against Paynes and a cross-claim against Guidry.
After a five day trial, the judge dismissed the City on a motion for directed verdict.[2] The jury returned a verdict that neither Paynes nor Guidry were negligent. The trial judge rendered judgment in conformity with the jury’s verdict, dismissing plaintiffs’ suit against all defendants, with each party to bear his own costs. Plaintiffs timely filed a motion for new trial, which was heard and denied on May 26, 1989. Plaintiffs now appeal to this court raising the following assignments of error.
1) Whether the trial court was manifestly erroneous in rendering judgment in conformity with the jury’s verdict that the accident was unavoidable, and thus no one’s fault;
2) If the doctrine of “unavoidable accident” is not applicable, who was negligent in this accident? and
3)Whether the trial court abused its discretion in not granting plaintiff’s motion for a new trial;
Allstate answered the appeal, urging the liability of Guidry should this Court modify or reverse the trial court judgment. FACTS:
On November 24, 1984, Givens was a guest passenger in a 1981 Cadillac owned and driven by her sister, Paynes. Plaintiffs, unfamiliar with the area, were traveling east on N. Rocheblave Street and were being followed by a van driven by their brother-in-law, John Richardson, who was also unfamiliar with the area. Plaintiffs’ and Richardson’s ultimate destination was the Bayou Classic football game, however, they first had to bring Givens’ husband to a wedding.[3] Paynes testified that she was traveling at a slow rate of speed when she approached the intersection of N. Roche-blave and Piety Streets. The stop sign ordinarily present at the intersection was missing, however Paynes asserted that she came to a complete stop before proceeding into the intersection. When she crossed the intersection, her vehicle was struck by the Buick owned and operated by Guidry, who was traveling north on Piety. Guidry testified that he was traveling at approximately 25 miles per hour and that when he saw the Paynes vehicle, he immediately swerved to his right and braked in order to avoid an impact. Paynes’ vehicle was damaged on the right front side. Both plaintiffs suffered injuries and sought medical treatment which continued through the date of the trial.
Allstate argues that plaintiffs' version of the facts are basically correct except that the evidence shows that Paynes did not stop prior to entering the intersection. Allstate notes that both Richardson (plaintiffs’ witness) and Givens initially testified that Paynes did not come to a complete stop at *593 the intersection. Richardson stated that Paynes slowed down and then proceeded into the intersection. Givens testified that when her sister reached Piety Street, she “slowed down almost to a complete stop” and then proceeded into the intersection. Later, after counsel attempted to rehabilitate their testimony, Givens and Richardson testified that Paynes came to a complete stop.
ARGUMENT:
Plaintiffs argue that the trial court erred in failing to grant a new trial on both mandatory and discretionary grounds. Although an order denying a motion for a new trial is generally a non-appealable judgment, such an appeal is permitted when it is part of an unrestricted appeal from a final judgment. Walters v. Canal Motors, Inc., 240 So.2d 101 (La.App. 4th Cir.1970). Plaintiffs argue that the granting of a new trial is mandatory under Louisiana Code of Civil Procedure Article 1972 when the verdict or judgment appears clearly contrary to the law and the evidence. They further argue that the trial court has broad discretion to grant a new trial “in any case if there is good ground therefor, except as otherwise provided by law.” La.C.C.P. Art. 1978.
Plaintiffs also argue that the jury’s conclusions were clearly erroneous in finding that no one was at fault in causing the accident. In particular, they assert that the doctrine of “unavoidable accident” is not applicable to this case, and the trial court erred in rendering judgment in accordance with the jury’s verdict.
Considering each of plaintiffs’ arguments, it is clear that the dispositive issue in this appeal is whether the jury and trial court were manifestly erroneous in finding that no one was at fault in causing this accident. We affirm.
The initial interrogatory posed to the jury was “... is it more likely than not that anyone was negligent and therefore a proximate cause of the accident complained of?” The jury responded “NO.” There was no objection to that interrogatory. As per their instructions, the jury answered no further interrogatories.
Plaintiffs complain that the jury’s response equates with a finding that this was an “unavoidable accident” and is clearly erroneous.
The doctrine of “unavoidable accident” was defined by the Louisiana Supreme Court in Seals v. Morris, 410 So.2d 715, 719 (La.1981). The court, quoting 2 Blashfield, Automobile Law and Practice 101.13 (rev. 3d ed. 1979), stated:
“As a corollary of the rule of determining legal responsibility for negligence, if a motorist or other traveler has exercised ordinary care as required by the common law (or the highest degree of care as may be required), and has nevertheless been the occasion of inflicting injury on another, the accident is said to be inevitable, for which no liability attaches. Unavoidable accident is not an affirmative defense but merely negatives negligence.”
Plaintiffs correctly state that most cases invoking the doctrine of unavoidable accident concern animals or children darting into the path of a moving vehicle. However, the doctrine is not limited to use only in those instances. See, Meyers v. Smith, 482 So.2d 60, 64 (La.App. 5th Cir.1986), wherein the Louisiana Fifth Circuit described the doctrine as:
“The ‘unavoidable accident’ concept applies when a defendant attempts to show that an incident occurred not because of his negligence or fault, but rather because some external force or circumstance over which he had no control caused the accident.”
Arguably, plaintiffs’ contention has merit. Under the circumstances of this case it would be difficult to conclude that the missing stop sign is an external force which was the sole and proximate cause of the accident. However, we need not address that issue because plaintiffs first burden was to prove by a preponderance of the evidence that the defendant, Guidry, was negligent. The jury’s response clearly indicates that they were of the opposite view. We cannot say this conclusion is clearly erroneous.
It is undisputed that a stop sign, which would have controlled Paynes’ movement, *594 was missing. Despite this Paynes testified she stopped, but that her view of traffic on Piety was somewhat obscured by a house on the corner. Givens and Richardson’s testimony is contradictory as to whether Paynes came to a complete stop prior to entering the intersection.
Guidry was traveling north on Piety and was approaching Paynes from her right. Piety is a relatively wide, one-way street, and is the favored street. Paynes testified that Guidry was “speeding real fast.” Gui-dry testified he was traveling at 25 miles per hour. Edwin Joseph, an eye-witness who was standing on the corner of Piety and N. Rocheblave, testified he heard tires screech and saw the Guidry vehicle three or four seconds before impact. He estimated that Guidry was traveling forty-five to fifty miles per hour. Although there was evidence that the Guidry vehicle left approximately thirty-five feet of skid marks, there was no expert testimony as to what, if anything, that suggested. Both Guidry and Paynes did everything they could to avoid the accident, and neither saw the other until it was too late.
Based on this evidence, the jury could have easily concluded that Guidry did not act negligently and thus was not the cause of the accident. We see no manifest error in that determination. Accordingly, we affirm the trial court judgment.
AFFIRMED.

. ABC Insurance Company was a fictitious name to be substituted with the name of Gui-dry's true liability carrier once that company was identified. It was subsequently discovered that Guidry was an uninsured motorist.

. As a result, the City’s third party claim against Guidry was also dismissed.

.Givens’ husband was seated in the front passenger seat of the Paynes vehicle. Givens was seated in the middle of the rear seat in between two female companions.