717 So.2d 1235 (1998)
Ross E. GOODRICH, et ux., Plaintiffs-Appellants,
v.
CATERPILLAR, INC., et al., Defendant-Appellee.
No. 30762-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
*1236 Kelly, Townsend & Thomas by Keenan K. Kelly, Natchitoches, for Plaintiffs-Appellants.
McGlinchey Stafford by Colvin G. Norwood, Jr. and Patrick J. O'Cain, New Orleans, for Defendant-Appellee.
Before MARVIN, C.J., and NORRIS and GASKINS, JJ.
GASKINS, Judge.
In this products liability case, plaintiffs Ross and Bonnie Goodrich appeal the granting of summary judgment in favor of the manufacturer of a tractor used by Mr. Goodrich when he was injured while fighting a forest fire. For the reasons assigned below, we affirm.

FACTS
On October 6, 1993, Mr. Goodrich, an employee of Riverwood International Timber Company, operated a Caterpillar D4C tractor to plow a fire break in the path of an approaching forest fire. The operator cage of this particular tractor had a door which was installed by Mr. Goodrich's employer, not the manufacturer. When Mr. Goodrich was about 40 yards from the fire, the tracks on the tractor locked up, immobilizing it. Mr. Goodrich was unable to immediately vacate the tractor due to difficulty opening the door of the operator's cage. He was severely burned as flames engulfed the tractor.
Mr. Goodrich and his wife filed suit against Caterpillar, Inc., alleging that it was liable for inadequate warnings under the Louisiana Products Liability Act, La. R.S. 9:2800.57.[1] Specifically, they contended that the defendant's tractor should have carried a warning to the effect that its tracks would lock up if the braking or steering clutch systems were out of adjustment. Since the owner's manual and the maintenance manual included suggestions that certain maintenance be performed at regular hourly intervals, the plaintiffs claimed that these manuals should have also contained suggestions for hourly adjustments of the braking and steering clutch systems.
In September 1996, the defendant filed a motion for summary judgment on the basis that the scope of any alleged duty to warn did not encompass the risk encountered by Mr. Goodrich on the day of his accident. The plaintiffs filed an opposition. In July 1997, the trial court issued reasons for judgment in which it granted the summary judgment and dismissed the suit with prejudice at plaintiffs' cost. The court found that, even assuming a lack of warning, any duty to warn of a "lock up" did not extend to the factual situation presented in the instant case. According to the trial court, Mr. Goodrich's inability to escape injury was caused by his inability to exit the vehicle because of the cab door installed by his employer, not the failure to warn of a "lock up" under certain circumstances.
The plaintiffs appeal.

LAW

Summary Judgment
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. *1237 1991); Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730.
Summary judgments are governed by La.C.C.P. art. 966, which was amended in both the 1996 and 1997 legislative sessions. See Acts 1996, 1st Ex.Sess., No. 9, and Acts 1997, No. 483. The effect of these amendments is to establish that summary judgment is now favored. Indeed, the summary judgment procedure is today designed to secure the just, speedy, and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2); NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477. Since the amended versions of the article are procedural in nature, they are subject to retroactive application. Curtis v. Curtis, 28,698 (La.App.2d3 Cir.9/25/96), 680 So.2d 1327; Short v. Giffin, 96-0361 (La.App. 4th Cir.8/21/96), 682 So.2d 249, writ denied, 96-3063 (La.3/7/97), 689 So.2d 1372.
La.C.C.P. art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. When a motion is made and supported as required under art. 966, however, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.

Duty to Warn and Duty/Risk Analysis
La. R.S. 9:2800.57 of the Louisiana Products Liability Act provides, in relevant part:
A. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
Liability for fault is subject to a duty-risk analysis, which consists of the following four-prong inquiry:
(1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
(2) Did the defendant owe a duty to the plaintiff?
(3) Was the duty breached?
(4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
See Mart v. Hill, 505 So.2d 1120 (La. 1987); Roberts v. Benoit, 605 So.2d 1032 (La.1991).
In determining whether there is a duty-risk relationship, the proper inquiry is how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Roberts v. Benoit, supra. Restated, the ease of association inquiry is simply: "How easily does one associate the plaintiff's complained-of harm with the defendant's conduct? ... Although ease of association encompasses the idea of foreseeability, it is not based on foreseeability alone." Roberts v. Benoit, supra. Absent an ease of association between the duty breached and the damages sustained, legal fault is lacking. Roberts v. Benoit, supra.
The question of whether a duty exists in a particular set of circumstances is a question of law for the court to decide. Mathieu v. Imperial Toy Corporation, 94-0952 (La.11/30/94), 646 So.2d 318; Osborne v. Vulcan Foundry, Inc., 95-2766 (La.App. 4th Cir.5/29/96), 675 So.2d 837. The scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty. Rules of conduct are designed to protect some persons under some circumstances against some risks. Osborne, supra.

EVIDENCE
In support of its motion for summary judgment, the defendant submitted several exhibits. Excerpts from the operation and maintenance manual demonstrated that the D4C *1238 tractor is a multipurpose vehicle, use of which is not restricted to fighting forest fires. Portions of Mr. Goodrich's deposition were also filed. He testified that the fire was about 40 yards from him when the tractor stopped. He estimated that it was one to two minutes from the time the tractor stopped until he was able to exit the cab. He testified that he had to kick and beat on the door to force it open. In excerpts from his deposition, James Ray Green, a Riverwood mechanic, testified that he believed that he and an assistant originally built the doors on the tractor.
According to the plaintiffs' response to a request for admissions, the doors on the tractor were not installed by Caterpillar and were not on it when the tractor left the Caterpillar factory. (In these same responses to the defendant's request for admissions, the plaintiffs denied that Mr. Goodrich could have escaped the fire if the door had opened when he initially tried to open it.) In their answers to Caterpillar's interrogatories, the plaintiffs stated their belief that the doors on the tractor were installed by Mr. Goodrich's employer, Riverwood International.
In opposition to the motion, the plaintiffs likewise filed portions of the depositions of Mr. Goodrich and Mr. Green. They also submitted photos of the only warnings on the tractor, the operation and maintenance manual, and the systems operation testing and adjusting manual, all of which demonstrate that there were no warnings pertaining to the danger of the tracks locking up if the braking or steering clutch systems were out of adjustment.

DISCUSSION
The plaintiffs argue that the manufacturer failed to warn of the stalling danger and that this locking up of the tractor set into motion the forces that caused Mr. Goodwin's injuries, i.e., "but for" the stalling of the tractor, he would not have been injured. They assert a highly probable ease of association between the failure to warn and the injuries Mr. Goodwin sustained when fire engulfed the stalled tractor. To the contrary, the defendant maintains that, under a duty/risk analysis, the risk presented by the facts of the instant case is beyond the scope of its duty to warn. We agree with the defendant.
Assuming arguendo that the manufacturer should have given the warnings asserted by the plaintiffs, we find that this duty did not encompass the circumstances presented in this case. The tractor in question was a multipurpose vehicle used for a variety of purposes. The plaintiffs' contention that one of the foreseeable activities for which this tractor might be utilized was fighting forest fires is well taken. However, it was not reasonably foreseeable that an owner of the tractor would build and then install upon the tractor defective doors that would trap the driver inside. We find that there is a lack of ease of association between the failure to install a warning about the possibility of the tractor locking up and injuries sustained when the driver became trapped in the operator's cage by the defective doors built and installed by his employer.
Despite the plaintiffs' bald assertion that Mr. Goodrich could not have escaped the fire even if the door had opened when he first tried to open it, his deposition testimony indicates otherwise. Because he could not open the door installed by his employer, he was trapped inside the operator's cage for a period that may have lasted up to two minutes. Since the tractor stopped a distance of 40 yards away from the fire, it is evident that the door trapping him inside of the vehicle not a failure by the tractor manufacturer to warn of a propensity to lock upled to his injuries.
Like the trial court, we find that summary judgment is appropriate in the present case.

CONCLUSION
The trial court judgment granting summary judgment in favor of Caterpillar, Inc., is affirmed. Costs are assessed against the appellants.
AFFIRMED.
NOTES
[1] Initially, the plaintiffs also sued Louisiana Machinery Company, Inc.; however, they subsequently dismissed this defendant from the suit.