732 So.2d 620 (1999)
Mary THIELMIER, Plaintiff-Appellant,
v.
LOUISIANA RIVERBOAT GAMING PARTNERSHIP d/b/a Isle of Capri, Defendant-Appellee.
No. 31,739-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*621 David L. White, Bossier, Counsel for Appellant.
Charles W. Salley, George J. Richaud, New Orleans, Counsel for Appellee.
Before WILLIAMS, PEATROSS and KOSTELKA, JJ.
WILLIAMS, J.
On September 14, 1996, Mary Thielmier was injured when she fell while walking off of a stage at the Isle of Capri Casino ("Isle") in Bossier City, Louisiana. As a result of this accident, she filed the present personal injury suit against the Isle. Since some of the allegations of the Isle's negligence were based upon the conduct of Christopher Nolan, the celebrity impersonator that Thielmier was watching, the Isle named Four Star Entertainment, Nolan's employer, as a third party defendant.
After discovery was completed, the Isle filed a motion for summary judgment. At the conclusion of the hearing on the motion, the trial court granted the motion, dismissing all of Thielmier's claims with prejudice. Thielmier now appeals contending that material issues of fact exist regarding Nolan's alleged negligence. For the reasons that follow, we affirm.

FACTS
On the day of her accident, Thielmier, a sixty-nine-year-old woman, went to the Isle to see an Elvis impersonator who was performing there. One of the opening acts was a Nat King Cole impersonator, Christopher Nolan. During his act, Nolan came out into the crowd to select an audience member to come on stage with him, and he chose Thielmier. When the two were on stage, Nolan sang a song to her, and they danced.
Thielmier had to go down three steps as she left the stage. The steps extended across the entire front of the stage, and as such, there were no handrails. In an attempt to assist Thielmier, Nolan held her hand and went down the steps before her. Despite his assistance, Thielmier either slipped or missed the second step completely, and she fell to the floor. As a result of the fall, she incurred several injuries, including one to her knee which subsequently required surgery.
*622 For the purposes of the summary judgment hearing, the Isle admitted Nolan was its employee so that it would be vicariously liable for his actions. At the hearing, the Isle submitted an affidavit from Nolan and portions of Thielmier's deposition. Thielmier also submitted portions of her deposition and an affidavit that she had executed subsequent to her deposition. In his affidavit, Nolan stated that Thielmier volunteered to come on stage with him, and she appeared to have the ability to walk up and down the steps. She fell when she misstepped while walking down the steps. He further stated the stage was well lit, but the lights were not blinding. The steps were clean when Thielmier used them, and none of the other people using the steps that night had any problems.
In her deposition, Thielmier stated she was reluctant to go on stage because of embarrassment, but she agreed to go. Nolan helped her up the steps, and she did not have any problems going up. He sang a song to her, and they danced. He held her hand as he led her down the steps. She stated that she could not see the audience as she came to the steps because she was blinded by the lights. She saw the first step when she looked down and was able to step on it. Her testimony conflicted as to whether she saw the second step. At one point, she stated she did not remember seeing the second step, but she later said that she did see it. She further stated that she did not know how the fall occurred, i.e., whether she slipped or just missed the step.
In her affidavit, Thielmier stated that before taking the first step, she was temporarily blinded by the stage lights. While she saw the first step, she did not see it clearly. She did not see the second step, and she fell when attempting to step down. She had been receiving medical treatment for her knee prior to the accident, and she had surgery on a toe on her right foot five weeks before the accident.
After hearing the arguments of the parties, the trial court ruled in favor of the Isle. The court found that no genuine issues of material fact existed regarding the alleged negligence of the Isle, either in its own capacity, or under the theory of vicarious liability.

ANALYSIS
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of L.S.U., 591 So.2d 342 (La.1991). Summary judgments are governed by La. C.C.P. art. 966, which was amended in both 1996 and 1997 (Acts 1996, 1st Ex. Sess., No. 9 and Acts 1997, No. 453). Since the amended versions of La. C.C.P. art. 966 are procedural in nature, they are subject to retroactive application. Goodrich v. Caterpillar, Inc., 30,762 (La.App.2d Cir.8/19/98), 717 So.2d 1235; Curtis v. Curtis, 28,698 (La.App.2d Cir.9/25/96), 680 So.2d 1327.
Under La. C.C.P. art. 966, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(B) states the summary judgment shall be rendered forthwith if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Curtis v. Curtis, supra.
The burden of proof on a motion for summary judgment remains with the mover. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the *623 court that there is an absence of factual support for one or more elements essential to the adverse party's claim. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C); Curtis v. Curtis, supra.
Because this is a tort case, the summary judgment analysis must be employed in the context of a negligence analysis. The standard negligence analysis under La. C.C. art. 2315 is the duty risk analysis. For liability to attach, the plaintiff must establish that:
1. The conduct in question was a substantial factor in bringing about the harm to the plaintiff, i.e., it was a cause-in-fact of the resultant harm;
2. The defendant owed a duty to the plaintiff;
3. The duty owed was breached; and
4. The risk, or harm caused was within the scope of protection afforded by the duty breached.
See Mathieu v. Imperial Toy Corporation, 94-0952 (La.11/30/94), 646 So.2d 318; Mart v. Hill, 505 So.2d 1120 (La.1987).
On appeal, the only finding questioned by Thielmier is the trial court's determination that Nolan was not negligent. In her attempt to show that Nolan was negligent, Thielmier alleges he should be held to a heightened duty of care because: (1) she provided an economic benefit to him; (2) he induced her to go on stage; (3) she is elderly; and (4) he is an experienced stage performer while she is not. Thielmier further alleges genuine issues of material fact exist regarding whether Nolan breached his duty.
Assuming, for the sake of argument, that Nolan's actions were a cause-in-fact of Thielmier's injuries, we will address the duty question. Duty is a question of law. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties. Seals v. Morris, 410 So.2d 715 (La. 1981). In all cases, duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under the circumstances. Id.
Even if Thielmier provided an economic benefit to Nolan by joining him on stage, this did not heighten the duty he owed to her. As the law only requires the owner or operator of a business to act with reasonable care toward his or her customers, there is no justification for having any economic benefit Nolan received extend his duty.
Thielmier also argues that a heightened duty of care should be imposed when a plaintiff has little effective choice about entering a relationship with the defendant. However, Thielmier voluntarily went on the stage. While she may have felt some pressure to go on stage because of the other audience members, this pressure did not leave her without a choice in the matter. Also, her statements in her deposition and her affidavit do not indicate that she was in any way forced or coerced to go on stage.
Even though Thielmier is elderly, Nolan was not under a higher duty of care. The mere fact that a plaintiff is elderly does not mean that he or she is entitled to greater care and assistance. Walden v. Pat Goins Benton Road Beauty School, Inc., 501 So.2d 1014 (La.App. 2d Cir.1987). The deciding factors are whether there are any signs of feebleness, impairment of vision or hearing, disorientation of mind or body, or any other infirmities that may sometimes accompany old age. Id. While Thielmier had problems with her knee and her right foot prior to the accident, the evidence presented indicates that she went on the stage without any problems and that she even danced while there. These actions do not indicate that she had visible infirmities which would heighten Nolan's duty of care.
*624 The fact that Nolan was an experienced stage performer while Thielmier was not does not heighten his duty of care. Thielmier argues that a person who has superior knowledge or experience should be judged in light of that knowledge. However, despite his experience on stage, Nolan's duty toward Thielmier was not heightened because his experience would not put him on notice that he needed to exercise more than reasonable care while assisting someone who is walking off a stage.
Because Nolan assumed the obligation of helping Thielmier walk down the steps, he had a duty to exercise reasonable care in doing so. See Harris v. Pizza Hut of Louisiana, Inc., supra. However, despite Thielmier's contentions, Nolan's duty was not higher than one of reasonable care. We must now determine whether any genuine issues of material fact exist regarding whether he breached this duty.
The breach of a duty is a question of fact. Mundy v. Department of Health and Human Resources, 620 So.2d 811 (La. 1993). Even though breach is a question for the trier of fact, summary judgment was proper in this case as no genuine issues of material fact exist regarding whether Nolan exercised reasonable care in assisting Thielmier from the stage. She argues that an issue of fact exists regarding whether she saw the second step, but even if she could not see the step, summary judgment was proper because no evidence has been offered to show that Nolan had any way to perceive that she was blinded. If she could not see the step, she should have informed him of this. Without such knowledge, Nolan was not required to do more to prevent the accident. There has been no suggestion that Nolan did anything to cause Thielmier to fall, only that he did not do enough to prevent such an accident. Under the circumstances, his taking her hand and going down the steps in front of her in an effort to guide her is all the law required.
In its supporting documents, the defendant set forth facts which established that Nolan did not breach his duty of care while assisting Thielmier. She then failed to produce factual support which would prove a breach of his duty of care. Therefore, summary judgment was proper.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at the appellant's costs.
AFFIRMED.