663 So.2d 788 (1995)
Joseph GENUSA
v.
B & B SHEET METAL & ROOFING, Albert Tardiff, Lafayette Insurance Co. & Fisherman's Fund Insurance Company.
No. 95-CA-318.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 1995.
Writ Denied January 26, 1996.
Edward J. Lassus, Jr., New Orleans, for Plaintiff-Appellant.
Paul J. Galuszka, New Orleans, for Plaintiff-Appellee.
F. Otway Denny, III, New Orleans, Michael K. Springmann, Metairie, Lazard Levy, Marrero, for Defendants-Appellees.
Before GAUDIN, C.J., and DUFRESNE and CANNELLA, JJ.
*789 DUFRESNE, Judge.
Plaintiff, Joseph Genusa, appeals from a trial court ruling which granted a Motion for Summary Judgment in favor of Albert Tardiff and Lafayette Insurance Company. For the following reasons, we affirm the decision of the trial court.

FACTS:
This personal injury lawsuit comes to us as a result of an alleged incident which occurred July 9, 1987, when Mr. Genusa fell while repairing the roof of a house owned by the defendant, Albert Tardiff. The defendant, Lafayette Insurance Company insured Tardiff. Genusa sued Tardiff and his homeowner's insurer, Lafayette Insurance Company and alleged that he slipped on a wet slimy substance while in the course and scope of his employment. Mr. Genusa was paid workmen's compensation benefits by the American Insurance Company which has intervened in this action. The defendant, Tardiff, contracted with B & B Sheet Metal & Roofing to remove asbestos slate shingles and replace them with new roofing. B & B Sheet Metal & Roofing, Inc. subcontracted the job to Steve Sewell who hired the plaintiff, Joseph Genusa, to assist in repairing Tardiff's roof. On July 9, 1987, Genusa alleges that as he began removing the old shingles he slipped on a green fungus or algae substance and some of the asbestos shingles broke loose, which caused him to fall off the roof. Genusa filed suit claiming that Tardiff was liable under theories of negligence and strict liability. The defendants, Tardiff and Lafayette Insurance Company, filed a Motion for Summary Judgment arguing there was no legal basis on which it could be held responsible. The trial court agreed and granted the motion. From this decision, both intervenor and Genusa have appealed.

DISCUSSION:
Plaintiff and intervenor seek to have Tardiff held responsible either under a theory of negligence or strict liability. They contend that there is a genuine issue of material fact and that Tardiff and American Insurance Company are not entitled to a summary judgment as a matter of law.
The sole purpose for the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exist between the litigants. Industrial Sand & Abrasives, Inc. v. Louisville & Nashville R.R. Co., 427 So.2d 1152 (La. 1983). The party moving for summary judgment must clearly prove the absence of a material fact. Any doubt is resolved against summary judgment in favor of a trial on the merits. Summary judgment can not be granted once the Judge detects existence of a disputed material fact. A fact is material if its existence or non-existence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, effect the litigants ultimate success or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989).
In Celestine v. Union Oil Co. of California, 652 So.2d 1299 (La.1995), the Supreme Court acknowledges that there is no "blanket" repair man exception to strict liability under La.C.C. arts. 2317 and 2322; however, the court held that the fact that an injured party was a repair man hired to fix the defect is a relevant factor in assessing whether the defect posed an unreasonable risk of harm.
In order to establish a prima facia case for an action in negligence, Genusa must prove by the preponderance of the evidence facts which will establish that Tardiff owed a duty to him and breached that duty which resulted in his harm. LSA-C.C. art. 2315. Additionally, Genusa seeks a recovery under strict liability. LSA-C.C. art. 2317. Pursuant to art. 2317, Genusa must prove that he was injured by a thing which was in the care or custody of Tardiff and that such thing had a vice in its original construction or was defective. Further, Genusa must show that there was an unreasonable risk of harm from the "alleged defect or ruin". In Celestine, the Supreme Court stressed "defect" and "unreasonable" risks and the limitations placed on the owner's liability. In this case, Genusa was hired to repair the roof which presented no unreasonable risk of harm. If there existed any defect, it was the responsibility of Genusa to repair it, and in this case, *790 he was in the best position to evaluate and determine any risk.
In order to grant a Motion for summary Judgment (LSA-C.C. art. 966) the motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue as a matter of law. Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La. App.1982). The court must closely scrutinize the pleadings and discovery supporting the position of the mover, while the pleadings and the documents of the party opposing the motion are to be treated equally. Penalber, supra. This court reviews summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.
We must look at the applicable substantive law to determine materiality and whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.

CONCLUSION:
After reviewing the record, we find appropriate and sufficient pleadings and discovery to evaluate the surrounding circumstances and determine whether there was unreasonable "risk" and/or "defect" to assess liability against Tardiff. The facts of the case reveal that Genusa was in the best position to evaluate and determine risk and was, in fact, in the care and custody of the roof. Furthermore, Genusa had observed the property he claims to be defective and knowingly and voluntarily placed himself in a position which he claims caused his injuries. In this case, evidence reveals that Tardiff knew the roof was old and the shingles needed replacing; however, he was not a professional roofer and unaware of the exact condition of the roof. Furthermore, the record reveals that on the date of the alleged incident, Genusa, with other co-workers, had the care, custody and control of the roof. We do not find Tardiff liable under these circumstances, rather it was the hired professional roofers who had the responsibility of completing the repairs of any condition they discovered.
Accordingly, we find no error with the decision of the trial court granting Tardiff and Lafayette Insurance Company's Motion for Summary Judgment dismissing Genusa's tort suit. Genusa has shown no material issues of fact existing in this case and Tardiff and Lafayette are entitled to summary judgment as a matter of law. Therefore, the judgment of the trial court is affirmed, dismissing Genusa's lawsuit.

AFFIRMED.