702 So.2d 854 (1997)
Darlene NALLE, Plaintiff-Appellant-Appellee,
v.
STATE FARM FIRE & CASUALTY COMPANY, et al., Defendants-Appellees-Appellants.
No. 97-441.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
*856 W. Jay Luneau, Alexandria, for Darlene Nalle, et al.
Bonita K. Preuette, Alexandria, for State Farm Fire & Casualty Co. et al.
Before SAUNDERS, WOODARD and PETERS, JJ.
SAUNDERS, Judge.
A teacher was injured in a fall when one of her students turned abruptly, colliding with her. The question presented by plaintiff's appeal is whether the trial court erred in assessing her with 65% fault, after finding that there was no way that the teacher could have anticipated the sudden action of her student. Additionally, defendants' appeal questions whether the trial court should not have invoked the "unavoidable accident" doctrine to absolve both the teacher and the student of liability.
In light of the established fact that Ms. Nalle could not have anticipated her peril, we conclude that she bore no legal responsibility for her injuries. Also, for the following reasons, we conclude that the unavoidable doctrine does not apply to save defendants from liability.

FACTS
October 17, 1994, seemed like any day for Ms. Darlene Nalle and her fourth grade class at Lessie Moore Elementary School in Rapides Parish when lunch time arrived. Because the door to the classroom is spring-loaded, Ms. Nalle randomly selected one of her students, a nine-year-old who for present purposes we will call Airion, to hold the door of the classroom open so that members of his and Ms. Nalle's class could exit the classroom onto an adjacent sidewalk and there queue for lunch. In accordance with routine practice, after Airion opened the spring-loaded door, Ms. Nalle directed one row at a time to file out of the classroom and form a line on the adjacent sidewalk. Ms. Nalle exited the classroom last so that she could lock the room, thus securing it from adolescent mischief and the risk of extramural misdeeds from a nearby public street.
This litigation results from injuries sustained by Ms. Nalle following a collision with Airion. According to the trial court, whose findings are supported by the record, the fall occurred when young Airion, rather than holding the door open and then joining his classmates in line, suddenly "wheeled around" and dashed toward the classroom, crashing into the startled Ms. Nalle. The teacher's fall resulted in a broken arm, whose permanent partial loss of use motivated the trial court to award $22,000.00.[1]
The trial court apportioned 65% of the fault to Ms. Nalle and 35% to her young student. It is this finding by the trial court which motivates both parties to appeal.

UNAVOIDABLE ACCIDENT
Initially, we take up the language used by the trial court in stating its opinion that the collision between teacher and student in this situation was "unavoidable," language embraced by both parties to raise the unavoidable accident doctrine.
La.Civ.Code art. 2315 provides in pertinent part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
La.Civ.Code art. 2316 further directs:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.

*857 Under these articles, the elements of a cause of action are fault, causation and damage. The existence of a legal duty coupled with a breach of that duty are prerequisites to any determination of fault. Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties. In all cases, duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under like circumstances. Roberts v. State, Through Louisiana Health and Human Resources Administration, 404 So.2d 1221 (La.1981); Straley v. Calongne Drayage & Storage, Inc., 346 So.2d 171 (La.1977). A breach of a legal duty that causes damage to another makes the offender liable under the above articles.
As a general rule, the doctrine of "unavoidable or inevitable accident" relieves a person of liability. The person invoking the protection of the doctrine, however, must also show that he himself was in no way to blame for the happening. Sharp v. Kahn, 143 So. 514 (La.App. 1st Cir.1932). The doctrine of unavoidable or inevitable accident can be stated as follows:
As a corollary of the rule for determining legal responsibility for negligence, if a motorist or other traveler has exercised ordinary care as required by the common law (or the highest degree of care as may be required), and has nevertheless been the occasion of inflicting injury on another, the accident is said to be inevitable, for which no liability attaches. Unavoidable accident is not an affirmative defense but merely negatives negligence.
....
The mere fact that as to a motorist a collision might have been inevitable or unavoidable at the time of its occurrence will not entitle that motorist to the protection of the doctrine of unavoidable accident if the situation thus brought about was the result of the motorist's own negligence.
2 Blashfield, Automobile Law and Practice s 101.13 (rev.3d ed.1979). See also 7A Am.Jur.2d, Automobiles and Highway Traffic s 397; 60A C.J.S. Motor Vehicles § 256.
Seals v. Morris, 410 So.2d 715, 718-19 (La. 1981)(on rehearing).
According to defendants, the doctrine relieves them of any and all liability since its presence necessarily means the absence of liability. Meanwhile, as plaintiff suggests, the doctrine does not avail itself to those whose negligence brings about the situation to begin with.
From the record and the context in the trial court's oral reasons, we conclude that the unavoidable doctrine is not applicable. While it is true that in its preamble, the trial court enunciated the talismanic words "unavoidable" and "accident," in context it is obvious that what the trial court in fact attempted to convey was not that the accident was unavoidable in the legal sense described in Seals, 410 So.2d 715, but rather that the accident was simply "one of those things," language intended to suggest that the collision was purely accidental and not motivated by malice. In other words, we conclude that the "unavoidable accident" raised by defendants and rebutted by plaintiff is a red herring.

Defendants' Other Assigned Errors

Mistaken Identity
Next, we address the other two errors assigned by defendants.
Defendants' first assigned error suggests that the trial court manifestly erred in finding that young Airion and not another student was involved in the collision with plaintiff, a notion first raised by our young tortfeasor to the surprise of all shortly before the close of evidence. We find no merit to this contention, as the evidence overwhelmingly suggests otherwise.
Finally, defendants assert that Airion's parents should not have been held responsible for his teacher's injuries since, in their words, his parents "had entrusted the care, custody, and supervision of their minor son" to her. To support the argument that they should not be held answerable for the acts of the minor child, defendants rely upon La.Civ. *858 Code arts. 2318, 2320 and 220, which we reproduce with defendants' emphasis below:
Art. 2318. Acts of minors
The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.

The same responsibility attaches to the tutors of minors.
Art. 2320. Acts of servants, students or apprentices
Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.

The master is answerable for the offenses and quasi-offenses committed by his servants, according to the rules which are explained under the title: Of quasi-contracts, and of offenses and quasi-offenses.
Art. 220. Delegation of parental authority

Fathers and mothers may, during their life, delegate a part of their authority to teachers, schoolmasters and others to whom they intrust their children for their education, such as the power of restraint and correction, so far as may be necessary to answer the purposes for which they employ them.
They have also the right to bind their children as apprentices.
We find none of the cited provisions dispositive. Initially, we observe that La.Civ.Code arts. 2318 and 2320 do not bar causes or rights of action against anyone. Article 2318 does not operate to deny parents or tutors damages which inure to them for the negligent actions of their charges. See, e.g., Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (1971)(parent permitted to recover damages from insurer, notwithstanding that tortfeasor was a son), and La.Civ.Code art. 2320 only assesses some degree of fault upon those in a position of supervision, care or guardianship who, unlike Ms. Nalle, "might have prevented the act which caused the damage and have failed to do so." La.Civ.Code art. 2320; Loescher v. Parr, 324 So.2d 441 (La.1975).
Finally, La.Civ.Code art. 220 is not dispositive, as it purports to do no more than that which it plainly states, permit parents to delegate the power of restraint and correction to teachers. See, e.g., Roy v. Continental Insurance Company, 313 So.2d 349 (La. App. 3 Cir.), writ denied, 318 So.2d 47 (La. 1975); Johnson v. Horace Mann Mutual Insurance Company, 241 So.2d 588 (La.App. 2 Cir.1970)(Dixon, J.).
In light of the foregoing, we find no merit in the errors assigned by defendants on appeal.

Plaintiff's Appeal
The principal reasons upon which the trial court hinged its greater (65%) fault assessment on Ms. Nalle, a teacher, was the trial court's impression that adult teachers have a greater burden and duty to avoid injuries than do the children they are required to supervise. In her assigned error, Ms. Nalle initially contends that the trial court erred as a matter of law in placing upon her a duty which she complains is greater than that expected of a reasonably prudent person, particularly where, as here, the trial court found the accident to have been precipitated by a student's unexpected and unforeseeable movement.[2] According to plaintiff, there is no legal support for the tightened scrutiny the trial court would place upon an educator who, in the trial court's own words, could not *859 be expected to have foreseen the perils with which she would be imminently confronted.[3]
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring, 283 So.2d 716, 724 (La.1973). See also, Sevier v. United States Fidelity & Guaranty Co., 497 So.2d 1380, 1383 (La.1986); West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1150 (La.1979); Davis v. Owen, 368 So.2d 1052, 1056 (La.1979); Cadiere v. West Gibson Products Co., 364 So.2d 998, 999 (La. 1978); A. Tate, "Manifest Error" Further observations on appellate review of facts in Louisiana civil cases, 22 La.L.Rev. 605, 611 (1962). The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Arceneaux, supra at 1333, Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). In applying the manifestly erroneous clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo. See, F. Maraist, The Work of the Louisiana Appellate Courts for the 1978-1979 TermA Faculty Symposium, Civil Procedure, 40 La.L.Rev. 761, 764 (1980); Comment, Appellate Review of Facts in Louisiana Civil Cases, 21 La.L.Rev. 402, 412 (1961); Cf. Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).
When findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La.1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979).
Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
There are exceptions, however, as to the discretion afforded the findings of trial courts.
When the trial court applies the wrong law, no weight should be accorded to the judgment of the trial court, and the manifest error rule does not apply. Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980); Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
Otto v. State Farm Mut. Auto. Ins. Co., 455 So.2d 1175, 1177 (La.1984)(erroneous burden of proof applied).
Because nothing in her seven years of experience teaching or in her young charge's prior actions could have prepared her for what was to come, we conclude that the trial court erred not only in its apparent appreciation of the substantive law but in its *860 application of same, for we know of no duty that might have imposed upon Ms. Nalle in obligation to be prepared for the spontaneous acts of third parties clearly shown by evidence and experience to have been thoroughly unpredictable.
In view of our finding (and that of the trial court) that plaintiff Darlene Nalle could not have foreseen the abrupt actions of her student, we pretermit consideration of the comparative fault factors enunciated in Watson v. State Farm Fire and Casualty Insurance Company, 469 So.2d 967 (La. 1985). Only after a plaintiff is found "guilty of any negligence that was a legal or proximate cause of the accident" is she to be assigned the proper percentage of fault. Ferrell v. Fireman's Fund Ins. Co., 94-1252, p. 8 (La.2/20/95); 650 So.2d 742, 747. In this case, the record shows that Ms. Nalle was free of legal fault. Accordingly, the judgment of the trial court imposing a portion of the fault upon Ms. Nalle is reversed.

DECREE
In light of the foregoing, the judgment of the trial court is affirmed in part,[4] reversed in part and rendered in favor of plaintiffs. Costs assessed to defendants.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] The court also awarded $4,000.00 to Mr. Nalle.
[2] In any event, she complains that under any standard, she should not have been found 65% liable.
[3] Plaintiff takes issue with the greater burden imposed upon her by the trial court to be "on guard to expect the unexpected," notwithstanding Airion's abrupt move in her direction "for no apparent reason," particularly given that, according even to the trial court, "[t]here was no reason to expect movement that way."
[4] The trial court's finding that defendant Airion was negligent was not affected by the trial court's legal error. Consequently, there is no justification for disregarding the manifest error rule as to this finding, particularly given that it is supported by the record. See Picou v. Ferrara, 483 So.2d 915 (La.1986).