719 So.2d 738 (1998)
Annie Maye Williams Tolbert and Henry TOLBERT, PlaintiffsAppellees,
v.
FIREMAN'S FUND INSURANCE COMPANY, et al., DefendantsAppellants.
No. 98-637
Court of Appeal of Louisiana, Third Circuit.
October 7, 1998.
*739 Samuel Harold Craven, Alexandria, for Annie Maye Williams Tolbert, et al.
James A. Bolen, Jr., Alexandria, for Fireman's Fund Insurance Co., et al.
Before THIBODEAUX, COOKS and WOODARD, JJ.
THIBODEAUX, Judge.
The defendants, Michael Foreman; his employer, Replacement Parts, Inc., d/b/a Rapides Auto Supply; and, their liability insurer, Fireman's Fund Insurance Company, appeal a judgment which granted a partial summary judgment to the plaintiffs, Rosa Holmes and Annie Maye Tolbert, on the issue of liability arising from an automobile accident. The defendants claim the trial court erred in finding no issue of material fact concerning the negligence of Mr. Foreman. We affirm the trial court's judgment.

I.

ISSUE
We shall consider whether the trial court erred in granting partial summary judgment in favor of the plaintiffs as to the liability of the defendants.

II.

FACTS
The facts in this case are undisputed. Michael Foreman was an employee of Replacement Parts, Inc., d/b/a Rapides Auto Supply, which is insured by Fireman's Fund Insurance Company. Mr. Foreman's job duty was to make deliveries to the surrounding stores, garages, and gas stations.
On June 24,1996, Mr. Foreman was returning to Alexandria after making his Colfax deliveries. He was traveling south on Highway 71. It had been raining approximately one hour prior to Mr. Foreman's departure from Colfax. Mr. Foreman was traveling at a speed of approximately 55 m.p.h., but he slowed his speed to about 52 m.p.h. when the rain began to interfere with his vision.
Mr. Foreman's van collided with a car driven by Rosa Holmes in which Annie Maye Tolbert was a passenger. Mr. Foreman's vehicle spun out of control crossing over the center line resulting in a head on collision with Ms. Holmes and Ms. Tolbert in their lane of traffic. Mr. Foreman was given a traffic citation for failure to maintain control of his vehicle to which he pled guilty.

*740 III.

LAW & DISCUSSION

Summary Judgment
Appellate courts review summary judgments de novo, under the same criteria which govern the district court's consideration of the appropriateness of summary judgment. Potter v. First Federal Savings & Loan Ass'n. of Scotlandville, et al., 615 So.2d 318 (La.1993), citing Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art 966(B). "When a motion for summary judgment is made and supported ... an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." La. Code Civ.P. art. 967.

Liability of Michael Foreman
At the time of the accident, it is undisputed that: (1) it was raining; (2) Mr. Foreman was traveling at or just under the 55 m.p.h. speed limit; (3) Mr. Foreman lost control of his van; and (4) Mr. Foreman collided with the plaintiffs in their lane of traffic. The primary contention of the defendants is that the trial court improperly granted summary judgment for the plaintiffs because the accident could have been caused by some factor other than negligence on the part of Mr. Foreman.
It is well established in Louisiana that when a collision occurs between two vehicles, one of which is in the wrong lane of travel, there is a presumption that the driver in the wrong lane was negligent, and that the burden is on him to show that the collision was not caused by his negligence (citations omitted). Welch v. State, Dep't of Transp. and Dev., 93-1134 (La.App. 3 Cir. 5/4/94), 640 So.2d 596, 599, citing Simon v. Ford Motor Co., 282 So.2d 126 (La.1973). The burden of initial production of evidence in this case is with the mover for summary judgment, but when the above presumption is applied, the burden shifts to the offending motorist. Guy v. State, Dep't of Transp. and Dev., 576 So.2d 122, 125 (La.App. 2 Cir.1991), citing Noland v. Liberty Mut. Ins.. Co., 232 La. 569, 94 So.2d 671 (La.1957).
"A duty is imposed on the driver of a motor vehicle by La.R.S. 32:64(A) not to drive a vehicle at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for, among other things, the surface of the roadway." Mansour v. State Farm Mut. Auto. Ins. Co., 510 So.2d 1305, 1309 (La.App. 3 Cir.1987). Mr. Foreman was traveling at or just under the speed limit. He only slowed down to just three miles under the speed limit when the increasing rain impaired his vision. Even more troubling is the fact that Mr. Foreman stated he never saw the plaintiffs' vehicle nor did he know from where it had come. Mr. Foreman's own testimony demonstrates that he was either inattentive or traveling at a speed where he could not reasonably judge his surroundings.
It is claimed that Mr. Foreman drove his van at a safe speed and distance. We disagree. Driving at almost the maximum speed limit in a rain storm with greatly decreased visibility is neither reasonable nor responsible. But, even if the court were to agree that Mr. Foreman acted responsibly, "to excuse himself from responsibility for this fault defendant must show something more than that he acted responsibly. He must show that the damages resulted from some external circumstance sufficient to discharge him from responsibility for his fault." Seals v. Morris, 410 So.2d 715, 717 (La.1981).
The defendants forcefully argue that Mr. Foreman hydroplaned and the accident was unavoidable or inevitable. As a general rule, the doctrine of "unavoidable or inevitable accident" relieves a person of liability. Nalle v. State Farm Fire & Cas. Co., *741 97-441 (La.App. 3 Cir. 10/8/97); 702 So.2d 854, writ denied, 97-2832 (La.2/13/98); 706 So.2d 994. The doctrine of unavoidable or inevitable accident states:
As a corollary of the rule for determining legal responsibility for negligence, if a motorist or other traveler had exercised ordinary care as required by the common law (or the highest degree of care as may be required), and has nevertheless been the occasion of inflicting injury on another, the accident is said to inevitable, for which no liability attaches. Unavoidable accident is not an affirmative defense but merely negatives negligence.
* * * * * *
The mere fact that as to a motorist a collision might have been inevitable or unavoidable at the time of its occurrence will not entitle that motorist to the protection of the doctrine of unavoidable accident if the situation thus brought about was the result of the motorist's own negligence.
Id. at 857, quoting 2 Blashfield, Automobile Law and Practice § 101.13, 3rd ed. (1979).
King v. King, 253 La. 270, 217 So.2d 395 (La.1968), Shepard on Behalf of Shepard v. Scheeler, 96-1690 (La.10/21/97); 701 So.2d 1308, Guy v. State, Dep't of Transp. and Dev., 576 So.2d 122 (La.App. 2 Cir.1991), and Bockman v. Caraway, 29,436 (La.App. 2 Cir. 4/2/97); 691 So.2d 815, all involved similar facts. In each of these cases, the driver lost control of a vehicle during or just after a rain storm. All offered as their defense that the weather conditions caused the accident and thus vitiated negligence on their part, even though they were traveling at speeds ranging from 40 to 60 m.p.h. In each case the driver was found negligent.
Extremely adverse driving conditions call for unusual caution on the part of motorists. King, 217 So.2d at 398. Despite the fact that Mr. Foreman was familiar with the highway, he failed to make reasonable adjustments in his speed considering he was driving on a highway in a rain storm with decreased visibility. Mr. Foreman does not contend that there were any defects or characteristics of the highway which may have contributed to the accident; his only serious contention is that the inclement weather caused him to hydroplane. That is insufficient to overcome the presumption of negligence against him or to invoke the protection of the "unavoidable or inevitable accident" doctrine.
Mr. Foreman pled guilty to failure to maintain control of his vehicle. Even though his guilty plea is not conclusive evidence of fault, guilty pleas "have been admitted into evidence as an admission against interest relevant to show fault." Shepard, 701 So.2d at 1315. It is argued that Mr. Foreman possesses limited intelligence because of his learning disabilities, and that his guilty plea to the traffic citation should not be given much weight because he could not comprehend the consequences of his actions.
The court rejects this reasoning. Mr. Foreman's learning disabilities does not prevent him from understanding matters such as a traffic citation. His learning disabilities showed that he had difficulty with his reading, not his comprehension. Even so, Mr. Foreman should have understood that he was obligated to maintain control of his vehicle at all times. Because Mr. Foreman did not have the benefit of counsel when he pled guilty to the traffic citation does not mean he did not understand what he was doing. Mr. Foreman even stated that he did not consider the citation "a big deal." Not considering the consequences of his actions on future litigation does not render Mr. Foreman incapable of understanding what his actions were at the time.
A motorist has a duty to maintain control of his vehicle, even in rainy weather. Shepard, 701 So.2d at 1318. Mr. Foreman did not act reasonably considering the weather conditions and the speed at which he was traveling. Mr. Foreman's actions fail to qualify as a defense under the doctrine of unavoidable or inevitable accident because he failed to exercise the necessary care under the circumstances.
Mr. Foreman argues that there is an issue of material fact as to what caused the van to spin out of control. The sole purpose for the motion for summary judgment is to determine in advance of trial *742 whether a genuine issue of material fact exists between litigants. Genusa v. B & B Steel Metal & Roofing, 95-318 (La.App. 5 Cir. 10/18/95); 663 So.2d 788, 789, writ denied, 95-2718 (La.1/26/96); 666 So.2d 672. A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The trial court was correct when it concluded that the origin of the accident could only have been due to the negligence of Mr. Foreman. His actions were far from responsible or reasonable under the circumstances. Mr. Foreman only alleged that he could have hydroplaned through no fault of his own. While it may be true he did hydroplane, the catalyst of his hydroplaning was not just the inclement weather, but the excessive speed at which he was traveling. The assertion of an alternative cause of the accident is not sufficient absent supportive proof which would overshadow Mr. Foreman's actions. Thus, a disputed fact is not material when, considered along with all other undisputed facts in the case, its resolution cannot have any impact on a litigant's success or if the outcome of litigation is precisely the same. Washington v. State, Dep't of Transp. and Dev., 95-14 (La.App. 3 Cir. 7/5/95); 663 So.2d 47, 51, writ denied, 95-2012 (La.11/13/95); 664 So.2d 405.
Therefore, the trial court was correct in concluding that the sole cause of the accident was due to Mr. Foreman's negligence. We find that the trial court was correct in granting partial summary judgment in favor of the plaintiffs, due to Mr. Foreman's failure to bear his burden of producing evidence that there was an issue of material fact concerning liability.

IV.

CONCLUSION
Based on the foregoing reasons, we affirm the trial court's grant of partial summary judgment on the issue of liability in favor of the plaintiffs, with all costs assessed against the defendants.
AFFIRMED.