# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-1463**

ELMO V. DAVIS, JR., ET AL.

VERSUS

JIMMY R. FORTENBERRY, ET AL.

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71,345 DIVISION "C"
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Charles A. "Sam" Jones, III
105 North Stewart Street
Post Office Box 995
DeRidder, Louisiana 70634-0995
(337) 463-5532
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    Elmo V. Davis, Jr., William S. Davis, Paul
    Truitt Davis, Angela Davis Stracener, and
    Calvin T. Davis

**Jack L. Simms, Jr.**
**Post Office Box 1554**
**Leesville, Louisiana 71496**
**(337) 238-9393**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Elmo V. Davis, Jr., William S. Davis, Paul**
    **Truitt Davis, Angela Davis Stracener, and**
    **Calvin T. Davis**

**Edward E. Rundell**
**Heather M. Mathews**
**Gold, Weems, Bruser, Sues & Rundell**
**2001 MacArthur Drive**
**Post Office Box 6118**
**Alexandria, Louisiana 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Jimmy Fortenberry, State National Insurance**
    **Company, M. Shackleford Logging, Inc., and**
    **Marvin Shackleford**

**GENOVESE, Judge.**

Plaintiffs, Elmo V. Davis, Jr., William S. Davis, Paul Truitt Davis, Angela Davis Stracener, and Calvin T. Davis, appeal the trial court's grant of summary judgment in favor of Defendants, Jimmy Fortenberry, M. Shackleford Logging, Inc., Marvin Shackleford, and State National Insurance Company. For the following reasons, we affirm.

## FACTS

The accident giving rise to the instant litigation occurred on September 5, 2002, on Louisiana Highway 463 (Highway 463), in Vernon Parish, Louisiana. Sharon Davis, operating a vehicle heading south on Highway 463, approached a logging truck and trailer heading north on Highway 463 being operated by Jimmy Fortenberry and owned by Marvin Shackleford and/or M. Shackleford Logging, Inc. Inexplicably, the Davis vehicle veered across the center line of the highway and collided with the logging truck. Mrs. Davis died as a result of the injuries she sustained in the accident.

Plaintiffs, Elmo V. Davis, the surviving spouse of Mrs. Davis, and her heirs, William S. Davis, Paul Truitt Davis, Angela Davis Stracener, and Calvin T. Davis, filed this lawsuit for damages against Defendants, Jimmy Fortenberry, his employer, M. Shackleford Logging, Inc., Marvin Shackleford, and State National Insurance Company, among others. Defendants filed a Motion for Summary Judgment on the issue of liability, which was denied by the trial court. Subsequently, Defendants filed an Amended and Supplemented Motion for Summary Judgment, again on the issue of liability, which the trial court granted. A judgment concomitant therewith was signed by the trial court on July 6, 2009. Plaintiffs appeal.

## ASSIGNMENT OF ERROR

Plaintiffs contend that the trial court erred in granting Defendants' Amended and Supplemental Motion for Summary Judgment. In essence, Plaintiffs assert that genuine issues of material fact remain as to the negligence of Mr. Fortenberry which preclude the grant of summary judgment.

## LAW AND DISCUSSION

We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180. Accordingly, we must determine, using the same criteria applied by the trial court, whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. However, in *Butler v. DePuy*, 04-101, p. 3 (La.App. 3 Cir. 6/9/04), 876 So.2d 259, 261 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730), we noted:

> [I]f the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but rather he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id*.

*Simien v. Med. Protective Co.*, 08-1185, p. 4 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, 1209, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117.

Defendants assert in their Amended and Supplemented Motion for Summary Judgment that Plaintiffs are unable to establish any negligence on the part of Mr. Fortenberry. Further, Defendants contend that Plaintiffs "cannot carry their burden of proving that [Mrs.] Davis was not guilty of any dereliction, however slight, and that the accident was not caused by her negligence." The trial court's Ruling on Motion for Summary Judgment states, in pertinent part, as follows:

2

The motion addresses the question as to whether the [D]efendant, Jimmy Fortenberry[,] breached any duty owed to the [P]laintiff[s], in any way contributed to the accident, or failed to take reasonable actions to avoid the accident. The evidence presented from the depositions and affidavits do not show that Mr. Fortenberry in any way contributed to the accident. The accident occurred in his lane of travel[,] and, however, slight, he took all the action that he could to avoid the accident, given that he only had less than a second to react.

While the burden of proof on this motion is on the mover[s], mover[s are] not required to negate all essential elements of the [P]laintiff[s'] claim[s]. In this matter[,] the mover[s have] pointed out that there are no facts to support the claim that Mr. Fortenberry had the opportunity to avoid this accident and failed to do so. Since the [P]laintiffs have failed to produce any evidence that would support their claim, there is no genuine issue of material fact.

Mr. Fortenberry is the only remaining and available eyewitness to the accident. His deposition, along with the depositions of investigating officers with the Louisiana State Police, Trooper Sammy Edwards, Sergeant Frederick Stevens, II, and Trooper Ken Hawthorne, were submitted in connection with the motion for summary judgment. Additionally, the affidavit of Kelly Adamson, an accident reconstruction expert, and the report that he prepared, are relied upon by Defendants in support of their motion. Finally, William Davis provided testimony relative to the motion.

Mr. Fortenberry testified that he was on his way to work when the accident occurred. He testified that the accident occurred approximately one-quarter mile from where he intended to turn off Highway 463 and that he slowed down as he approached the top of the hill. He estimated his speed at the time of the accident between thirty-five and forty miles per hour. Mr. Fortenberry further testified that when he first saw Mrs. Davis' vehicle, it was "[c]oming up the top of [the] hill." He could see that her vehicle was further over into his lane of travel than it should have been and "[i]t was drifting over pretty fast." Mr. Fortenberry provided the following explanation of what occurred:

3

> I seen [sic] her[.]  I was coming up on this side of the hill[,] and she was
> coming up the other side[,] and I could see that she was over further than
> what she was supposed - - you know, what she should have been.  Like
> I say, when we got up closer to the top[,] I could see that she was over
> on my side of the line coming across the line, you know, and I went to
> getting over on the shoulder.

According to Mr. Fortenberry, he reacted by "trying to get on [his] brakes because . . . [he] was slowing down . . . and [he] went to getting on [his] brakes harder and getting over on the side of the road."  Mr. Fortenberry testified that in "[t]rying to get out of her way[,]" he moved over toward the shoulder so that the "passenger side [of his truck] was off of the road, [and] the driver's side was on the edge of the road" when the collision occurred.  In addition to slowing down, "getting on [his] brakes," and moving his vehicle toward the shoulder of the road, Mr. Fortenberry testified that he also blew his horn.

Trooper Sammy Edwards, with the Louisiana State Police, was one of the investigating officers at the accident scene.  Trooper Edwards testified that "Ms. Davis' vehicle[] crossed the center line."  He explained that "[s]he crossed the center line on the crest of the little hill . . . ."  It was Trooper Edwards' opinion, based upon "the evidence at the scene[,]" that her vehicle was "two feet three inches across the center line in the northbound lane."  Trooper Edwards' testimony about the physical evidence at the scene also corroborated Mr. Fortenberry's testimony relative to the evasive action he undertook in an effort to avoid the accident.  Trooper Edwards confirmed that there were "some tire prints on the dirt shoulder, the right shoulder on the northbound lane that indicated" that the passenger side wheels of Mr. Fortenberry's vehicle "were off the road prior to impact."  Additionally, Trooper Edwards identified tire marks in the grass consistent with Mr. Fortenberry's testimony that he applied his brakes and was moving onto the shoulder of the highway in an

4

effort to avoid Mrs. Davis' vehicle. Finally, Trooper Edwards testified that there was no evidence to suggest that Mr. Fortenberry crossed the center line into Ms. Davis' lane of travel, and, he did not "see anything else [Mr. Fortenberry] could have done" to avoid the accident.

Sergeant Frederick Stevens, II, a member of the Louisiana State Police's accident reconstruction team, also investigated the subject accident. Based upon his investigation, he testified that "[t]he gouge marks were located in the northbound travel lane approximately 2.6 feet from the center line." Sergeant Stevens explained that the gouge marks were made by Ms. Davis' vehicle as it traveled southbound and her vehicle was two and one-half feet across the center line into the northbound lane of travel when the collision occurred. Sergeant Stevens also testified as to the location of the skid marks and concluded from their positioning that "[t]he evidence would lead one to believe that the driver of the eighteen wheeler was attempting to get off the roadway to get out of the way of something oncoming." He also confirmed the presence of "tire tracks" on the shoulder of the highway, which is consistent with Mr. Fortenberry's testimony that he moved his vehicle toward the shoulder in an effort to avoid the accident. Finally, Sergeant Stevens testified that based on his investigation and reconstruction of the accident: (1) he was of the opinion that Mr. Fortenberry did not do anything to cause this accident; (2) he did not find any physical evidence to indicate that Mr. Fortenberry crossed into Mrs. Davis' lane of travel; and, (3) the physical evidence indicated that Mr. Fortenberry tried to avoid the accident.

Trooper Kenneth Hawthorne, also with the Louisiana State Police, assisted Sergeant Stevens at the accident scene. His testimony was wholly consistent with

5

Sergeant Stevens' and, particularly, his conclusion that the point of impact between the vehicles occurred in the northbound lane of travel of Highway 463.

William Davis, a Plaintiff in the instant matter, also provided deposition testimony. Mr. Davis stated that he arrived at the scene after the accident occurred. Consistent with the police officers, Mr. Williams testified that he was unable to identify any evidence at the scene indicating that Mr. Fortenberry's vehicle was across the center line of the highway when the accident occurred.

Kelley Adamson was retained to reconstruct the accident. His affidavit and the report he prepared were also submitted with the motion for summary judgment. Mr. Adamson attested that, based upon his survey of the accident scene and his reconstruction efforts, he determined that Mr. "Fortenberry attempted to avoid the Davis vehicle by steering right." Additionally, "[t]he right side tires of the tractor operated by [Mr.] Fortenberry were off the roadway when the Davis vehicle struck the front rear tandem axle of this trailer." Mr. Adamson further determined that "the area of impact [was] 27 inches from the centerline of the roadway, in the northbound travel lane." Finally, Mr. Adamson concluded that Mr. "**Fortenberry had only 0.5 seconds to attempt to avoid the collision**."

As set forth above, Defendants, as movers, bear the initial burden of proving that no genuine issue of material fact exists that would negate their entitlement to summary judgment. *Simien*, 11 So.3d 1206. However, they assert that Plaintiffs are unable to establish an essential element of their claim, namely, that Plaintiffs are unable to establish any negligence on the part of Mr. Fortenberry; and, as a result thereby, the burden shifts to Plaintiffs "to produce factual support sufficient to establish that [they] will be able to satisfy [their] evidentiary burden at trial."

6

La.Code Civ.P. art. 966(C)(2). We agree.

Additionally, we note that in meeting their burden of proof, Defendants are aided by the following presumption:

> [W]hen a collision occurs between two vehicles, one of which is in the wrong lane of travel, there is a presumption that the driver in the wrong lane was negligent, and that the burden is on him to show that the collision was not caused by his negligence. (citations omitted). *Welch v. State, Dep't of Transp. and Dev.*, 93-1134 (La.App. 3 Cir. 5/4/94), 640 So.2d 596, 599, *citing Simon v. Ford Motor Co.*, 282 So.2d 126 (La.1973). The burden of initial production of evidence in this case is with the mover for summary judgment, but when the above presumption is applied, the burden shifts to the offending motorist. *Guy v. State, Dep't of Transp. and Dev.*, 576 So.2d 122, 125 (La.App. 2 Cir.1991), *citing Noland v. Liberty Mut. Ins.. Co.*, 232 La. 569, 94 So.2d 671 (La.1957).

*Tolbert v. Fireman's Fund Ins. Co.*, 98-637, pp. 3-4 (La.App. 3 Cir. 10/7/98), 719 So.2d 738, 740.

The evidence established that Mrs. Davis left her lane of travel as she approached Mr. Fortenberry's vehicle on Highway 463. The point of impact between the vehicles, according to the unrefuted evidence, was in Mr. Fortenberry's northbound lane of travel. Additionally, the evidence established that Mr. Fortenberry took evasive measures to avoid the accident, including applying his brakes, moving his vehicle toward the shoulder of the roadway, and blowing his horn. Based on our de novo review of the record, we find no evidence of negligence on the part of Mr. Fortenberry. Defendants have established "that there is an absence of factual support" for Plaintiffs' claim as to the requisite element of negligence on the part of Mr. Fortenberry. La.Code Civ.P. Art. 966(C)(2). Thus, it is clear that Defendants have met their initial burden. Having done so, the burden then shifts to Plaintiffs "to produce factual support sufficient to establish that [they] will be able to satisfy [their] evidentiary burden at trial" as to their claim of negligence on the part

7

of Mr. Fortenberry. *Id.* Based upon the record, we find that Plaintiffs are unable to do so. With nothing to establish that they will be able to prove this element of their claim at trial, Plaintiffs' failed to carry their burden of producing evidence that a genuine issue of material fact remains. Accordingly, we find that Defendants' Amended and Supplemented Motion for Summary Judgment was properly granted by the trial court.

## DECREE

The judgment of the trial court granting the motion for summary judgment in favor of Defendants, Jimmy Fortenberry, M. Shackleford Logging, Inc., Marvin Shackleford, and State National Insurance Company, and dismissing the claims of Plaintiffs, Elmo V. Davis, Jr., William S. Davis, Paul Truitt Davis, Angela Davis Stracener, and Calvin T. Davis, is affirmed. All costs of these proceedings are assessed against the Plaintiffs, Elmo V. Davis, Jr., William S. Davis, Paul Truitt Davis, Angela Davis Stracener, and Calvin T. Davis.

**AFFIRMED.**